IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW COBRAND,                        :
                                       :
    Petitioner,                        :
                                       :  CIVIL NO. 3:CV-08-2056
    vs.                                :
                                       :  (Judge Vanaskie)
ATTORNEY GENERAL MICHAEL B.            :
MUKASEY, ET AL.,                       :
                                       :
    Respondents.                       :

M E M O R A N D U M

I.    Introduction

    Andrew Cobrand, presently a detainee of the United States Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 13, 2008.  The petitioner claims that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), as he has been held in detention more than 10 months without the appropriate due process reviews.  Along with his petition, Cobrand filed an application seeking leave to proceed in forma pauperis in this matter and a motion for appointment of counsel.  (See Docs. 2 and 3.)  For the reasons set forth

below, Cobrand will be granted in forma pauperis status for the sole purpose of filing the instant petition, his motion for counsel will be denied without prejudice, and the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

II.     Background

Cobrand, a twenty year old native and citizen of Jamaica, is subject to a final order of removal from the United States dated December 13, 2007. Cobrand did not challenge his order of removal. He has been in ICE custody since December 13, 2007. Cobrand argues that his prolonged detention in ICE custody violates his constitutional rights because his removal is not reasonable foreseeable and he has not been afforded regular custody reviews. Cobrand is seeking his immediate release and/or a meaningful custody review.

III.    Discussion

Detention, release, and removal of aliens is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i)     The date the order of removal becomes administratively final.

>   (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
>   (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. § 1231.  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas, 533 U.S. at 689.  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  In recognition of the fact that prolonged detention following the mandatory detention period implicates due process concerns, the Supreme Court established a post-mandatory detention period of six months as "presumptively reasonable."  Id. at 701.  If, at the conclusion of the six month period, the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.  Not every alien must be released after six months.  An alien may be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

Regulations have been promulgated to meet the criteria established by the Supreme Court in Zadvydas.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day removal period, the district director is to conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed removal period.  8 C.F.R. § 241.4(k)(1)(I).  When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU, asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  8 C.F.R § 241.13(d)(1).

Cobrand claims he has not received any custody reviews since he was taken into custody on December 13, 2007, more than ten months ago.  At this point, jurisdiction to make a determination concerning his custody now lies with the HQPDU.  It is apparent from Cobrand's petition that he is asserting that there is no significant likelihood that he will be removed in the reasonably foreseeable future, and that the HQPDU has not provided him with any custody reviews.  Consequently, ICE will be ordered to treat Cobrand's petition as a request for release under 8 C.F.R. § 241.13.  ICE shall respond to the request within thirty

(30) days.  In light of the referral of this matter for disposition under existing review procedures, Cobrand's petition will be denied, without prejudice to his right to seek relief in this Court if the administrative review process is unsuccessful.

        An appropriate Order follows.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW COBRAND, | : |
| | : |
|     Petitioner, | : |
| | : CIVIL NO. 3:CV-08-2056 |
|   vs. | : |
| | : (Judge Vanaskie) |
| ATTORNEY GENERAL MICHAEL B. | : |
| MUKASEY, ET AL., | : |
| | : |
|     Respondents. | : |

## O R D E R

NOW, THIS 19th DAY OF NOVEMBER, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. Petitioner's application to proceed in forma pauperis (Doc. 2) is granted.

2. ICE shall treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Cobrand with a response to his request within thirty (30) days.

3. Cobrand's motion for counsel (Doc. 3) is denied.

4. The Clerk of Court is directed to serve a copy of the Petition and this Order on Respondents and the United States Attorney.

5. The petition for writ of habeas corpus is dismissed, without prejudice.

6. The Clerk of Court is directed to mark this matter closed.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge
